**James P. MITCHELL, Secretary of Labor,**

v.

**E. G. SHINNER AND COMPANY, Inc.**

**No. 11137.**

United States Court of Appeals, Seventh Circuit.

April 4, 1955.

Bessie Margolin, Asst. Solicitor, Harry M. Leet, Joseph M. Stone, U. S. Dept. of Labor, Stuart Rothman, Solicitor, U. S. Dept. of Labor, Washington, D. C., Her-

man Grant, Regional Atty., Dept. of Labor, Chicago, Ill., for appellant.

Morris Karon, Milwaukee, Wis., for appellee.

Before MAJOR, SWAIM and SCHNACKENBERG, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

This action was brought by the Secretary of Labor under Section 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.A. § 217, to enjoin the defendant company from violating the overtime and record keeping provisions of said act. After a trial on the merits, the district court held that defendant's central office employees are not engaged in interstate commerce or in the production of goods for interstate commerce and, also, that they are exempt from the act because they are employed by a retail establishment within the exemption provided by Section 13(a)(2) of the act, 29 U.S.C.A. § 213(a)(2). Accordingly, the district court entered a final judgment dismissing the complaint.

The pertinent stipulated facts are substantially as follows:

The defendant company[1], a Delaware corporation, is the owner and operator of 33 retail meat markets, of which 14 are in Illinois, 10 in Michigan, 7 in Wisconsin, and 2 in Iowa. Defendant employs approximately 230 employees in its 33 stores, of whom 94 are employed at the Illinois Stores, 67 in the Michigan stores, 55 in the Wisconsin stores, and 14 in the Iowa stores. Total sales by defendant's stores in 1951 amounted to nearly 10 million dollars, of which over 6 million represented sales by the stores located in Iowa, Wisconsin and Michigan.

Defendant also operates and maintains a central office at 733 West 64th Street, Chicago, Illinois. In addition to its executives and supervisors, defendant employs at the aforementioned central office 7 employees, consisting of an accounts receivable clerk, an accounts payable clerk, a bookkeeping machine operator, an accounts payable bookkeeper, a switchboard operator, a stenographer, and a sign painter. The central office is geographically separate from any of the retail meat markets, the nearest of which is ten miles away. All of the employees at the central office are engaged in the general operation of defendant's 33 retail meat markets, including the purchase of merchandise, accounting, clerical duties, maintenance of payroll records and related duties. No selling is done at the central office, nor is it open to the general consuming public.

More explicitly, the duties of the central office employees include the checking of daily reports and payrolls and verification of the calculations thereon, detaching bills for charge sales and holding them on file until a subsequent report shows that they have been paid, and checking receipts against cash disbursements (accounts receivable clerk); posting accounting records from the daily reports to the ledgers for each store, drawing up monthly trial balances for each ledger, and the posting of earnings from the payrolls of the stores to individual employees' earnings records (bookkeeping machine operator); checking invoices for prices and the store manager's approval, sorting the invoices preliminary to the preparation of checks in payment thereof, verifying the amounts of the checks with the invoices, routing the checks for mailing, filing the invoices and checking suppliers' monthly statements against ledger accounts (accounts payable clerk); recording purchases of merchandise in each store ledger and preparation of between 350 and 400 checks each week for suppliers, and 51 payroll checks each week for store managers and other personnel (accounts payable bookkeeper); handling all incoming and outgoing calls through defendant's switchboard, including calls to and from points

---

1. The E. G. Shinner and Company, Inc., was created January 10, 1918. The new E. G. Shinner and Company, Inc., herein referred to as "the defendant," was created on November 14, 1952, and on November 19, 1952, purchased the assets and business of the "old" Shinner Company.

outside of Illinois, performing the comptometry work for the office and the mailing of checks, display signs and correspondence (switchboard and comptometer operator) ; preparation of business correspondence to the markets, suppliers and banks, as well as preparation of the various federal and state income tax returns, and workmen's compensation, social security and unemployment compensation reports (stenographer) ; and the preparation of display signs in accordance with orders received twice a week from each of the stores (sign painter).

There is no segregation of the time spent by any of these central office employees as between work relating to the 14 Illinois stores and the 19 stores outside the state of Illinois.

Defendant's witness, Mr. Davy, testified, and the district court found, that with respect to these employees, defendant has not maintained records of hours worked each workday and total hours worked each workweek, and the regular hourly rate of pay at which each is employed.

The sole question presented on this appeal is whether defendant's central office employees are covered by the Fair Labor Standards Act.

■ 1. Defendant's central office employees are "engaged in commerce" within the meaning of the act [2]. The pronouncements and decisions of the Supreme Court in Phillips Inc., v. Walling, 324 U.S. 490, 65 S.Ct. 807, 89 L.Ed. 1095; Walling v. Jacksonville Paper Co., 317 U.S. 564, 63 S.Ct. 332, 87 L.Ed. 460, and Mitchell v. Joyce Agency, Inc., 1955, 75 S.Ct. 436, are controlling here.

■ 2. Likewise, in accordance with Phillips Inc., v. Walling, 324 U.S. 490, 65 S.Ct. 807, 89 L.Ed. 1095, these employees are not exempt from the application of the act on the ground that they are " 'engaged in any retail or service establishment' " within the meaning of Section 13(a)(2) of the act.

For the reasons hereinbefore set forth, the judgment of the district court is reversed and the cause is remanded to that court for further proceedings not inconsistent with this opinion.